# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2026

Lyle W. Cayce
Clerk

No. 25-30469

United States of America,

*Plaintiff—Appellee*,

*versus*

Robert Lee Goodwill, Jr.,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:24-CR-107-1

_____

Before Duncan, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Appellant Robert Goodwill, Jr. appeals the revocation of his supervised release and subsequent sentence. For the reasons that follow, we find the revocation judgment was not an abuse of discretion and the sentence was not plainly unreasonable. AFFIRMED.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30469

I

In 2022, Goodwill pled guilty to attempted possession of child pornography and was sentenced to 30 months' imprisonment followed by a five-year term of supervised release. Goodwill's conditions of supervised release required that he (1) provide regular reports to his probation officer (Standard Condition 2), (2) receive approval to have devices with internet access (Special Condition 6), and (3) maintain computer monitoring software on any approved devices (Special Condition 7). Additionally, Standard Condition 10 forbade him to "own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers)."

Goodwill repeatedly failed to comply with these conditions. In November and December 2024, Goodwill failed to submit his required monthly reports. He delayed relinquishing two unauthorized internet-capable devices despite receiving clear orders to do so. And after the monitoring software on his new computer stopped functioning, Goodwill neglected to take adequate steps to remedy the issue. A technician later concluded that Goodwill had "deliberately" removed the software from his computer. Probation filed a revocation petition alleging violations of Standard Condition 2 and Special Conditions 6 and 7.

During a surprise home visit before Goodwill's final revocation hearing, his probation officer discovered an eight-to-ten-inch kitchen knife under Goodwill's pillow. Goodwill claimed he kept it there for "personal protection." Goodwill never brandished the knife nor threatened the probation officer in any way during the visit, and he complied with subsequent orders to keep the knife in the kitchen. After this incident, Probation amended the revocation petition to include an allegation that

No. 25-30469

Goodwill possessed a "dangerous weapon" in violation of Standard Condition 10.

The district court found Goodwill in violation of each of the four conditions at issue. As to Standard Condition 10, the court found that the kitchen knife under Goodwill's pillow, though physically identical to "something that you would find in the kitchen," was a dangerous weapon because he had "converted" it from its acceptable use by keeping it under his pillow with a presumably violent intent.

Each violation carried a Sentencing Guidelines recommendation of three to nine months' imprisonment, without an increase for multiple violations. The district court revoked Goodwill's supervised release and imposed a twelve-month prison sentence. The court also increased Goodwill's subsequent term of supervised release from five to ten years.

Goodwill appeals. He argues that (1) his revocation was improper because the knife under his pillow was not a "dangerous weapon" within Standard Condition 10's definition, and (2) his revocation sentence was plainly unreasonable.

II

A

"A district court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that a condition of release has been violated." *United States v. Minnitt*, 617 F.3d 327, 332 (5th Cir. 2010) (quoting *United States v. McCormick*, 54 F.3d 214, 219 (5th Cir. 1995)). We review a revocation of supervised release for abuse of discretion. *United States v. Brooker*, 858 F.3d 983, 985 (5th Cir. 2017) (citing *McCormick*, 54 F.3d at 219).

No. 25-30469

B

Goodwill argues the district court erroneously revoked his supervised release because it improperly considered the kitchen knife a "dangerous weapon." He contends the knife could not have been a dangerous weapon under Standard Condition 10's definition because it was "neither designed nor modified for" the "specific purpose of causing bodily injury or death." The knife, he asserts, was no different from a hammer, baseball bat, or pair of scissors—household items that *could* be used as weapons but are not designed as such. According to Goodwill, the kitchen knife's mere "potential for misuse" did not violate Standard Condition 10.

The Government disagrees, arguing Goodwill's interpretation of the condition "defies common sense" because it would permit him to use deadly objects as weapons simply because they were not "designed" to cause injury. The Government asserts that the district court properly considered Goodwill's knife a "dangerous weapon" because he modified "its intended use from food preparation to bodily harm." Alternatively, the Government argues any error was harmless "given the presence of multiple other, uncontested revocation grounds."

C

We need not decide whether Goodwill's knife was properly deemed a "dangerous weapon" because any error was harmless.

As the Government points out, the district court did not revoke Goodwill's supervised release exclusively due to Standard Condition 10. Rather, the court also pointed to (1) Goodwill's failure to submit monthly reports, (2) his possession of multiple unauthorized electronic devices, and (3) his deliberate removal of monitoring software from his computer. Goodwill does not contest these violations, each of which provides independent grounds for revocation. *See* 18 U.S.C. § 3583(e)(3) (authorizing

4

revocation of supervised release if court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release").

When, as here, there is an adequate basis for a district court to revoke supervised release, "the reviewing court need not decide a claim of error as to other grounds that had been advanced as a cause of revocation." *United States v. English*, 400 F.3d 273, 276 (5th Cir. 2005) (quoting *McCormick*, 54 F.3d at 219 n.3) (affirming revocation when there was at least one uncontested violation); *see also United States v. Sensing*, No. 21-60662, 2023 WL 167201, at *2 (5th Cir. Jan. 12, 2023) (per curiam) (finding harmless any deficiencies in the court's violation determinations because the defendants pled guilty to other violations); Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").

Accordingly, we conclude that the district court did not abuse its discretion when it revoked Goodwill's supervised release.

### III

Next, Goodwill contests his twelve-month revocation sentence.

### A

The parties disagree over the standard of review, which turns on whether Goodwill preserved his objection to the sentence.

Preserved objections to revocation sentences are reviewed under a "plainly unreasonable" standard. *United States v. Foley*, 946 F.3d 681, 685 (5th Cir. 2020); *United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020). We first ask "whether the district court committed 'significant procedural error'" and then "assess 'the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'" *Cano*, 981 F.3d at 425 (quoting *United States v. Sanchez*, 900 F.3d 678, 682 (5th Cir. 2018)). A

sentence is substantively unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (citation omitted).

Unpreserved objections, however, are reviewed only for "plain error." *Cano*, 981 F.3d at 425. Under this standard, Goodwill must show an obvious error which affects his substantial rights and "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (alteration in original) (internal quotation marks omitted).

Goodwill argues he preserved his objection by challenging the revocation and sentence during his hearing. The Government counters that Goodwill "failed to advance the specific substantive reasonableness argument he now makes on appeal." Specifically, the Government asserts Goodwill neither argued for a lower sentence, nor did he argue that the court considered inappropriate factors.

The Government adds, however, that Goodwill's objection fails under either standard of review. We agree and therefore review under the "plainly unreasonable" standard. *See Sanchez*, 900 F.3d at 682 (assuming without deciding that the defendant preserved his sentence objection because he failed to satisfy "plainly unreasonable" review).

B

Goodwill argues the district court made "a clear error in judgment when balancing the sentencing factors" because none of his violations "involved new criminal conduct, threats to public safety, or substance abuse." Further, Goodwill argues the court sentenced him on several illegitimate grounds, such as his computer expertise, his credibility, and the

court's speculation that he intended to conceal the knife from his probation officer. We disagree.

First, there is no indication that the district court committed significant procedural error, such as failing to consider any § 3553 factors or basing the sentence on clearly erroneous facts. *See United States v. Winding*, 817 F.3d 910, 913 (5th Cir. 2016) (citation omitted) (finding a district court procedurally errs by "failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence").

Second, Goodwill's sentence is not substantively unreasonable. Even setting aside whether Goodwill violated Standard Condition 10, his other uncontested violations amply justify the district court's three-month upward variance from the three-to-nine-month Guideline range.

As the court emphasized, Goodwill repeatedly flouted the condition that he not have unauthorized and unmonitored internet access. Those violations were a cause for grave concern, the court noted, because of the nature of Goodwill's original crime—attempting to possess child pornography on the internet. *See* 18 U.S.C. § 3553(a)(2)(C) (a primary goal of sentencing is the need to "protect the public from further crimes of the defendant"). The court also found it "obvious" that Goodwill "tends to bend the rules to suit his personal situation; and that he prioritizes everything else over the compliance issues raised by Probation." *See United States v. Daughenbaugh*, 793 F. App'x 237, 240 (5th Cir. 2019) (per curiam) ("A sentence imposed on revocation of supervised release punishes a breach of trust for violating the conditions of supervision . . . ."). We agree with the Government that Goodwill's consistent reluctance to comply with the conditions of his supervised release justified the three-month upward variance.

No. 25-30469

Finally, we disagree with Goodwill that in setting his sentence the district court improperly relied on factors such as Goodwill's credibility, his "technical expertise," or speculation about his concealing the knife. As the Government points out, those factors contributed to the revocation but were not the basis for the subsequent sentence. Specifically, nothing in the transcript suggests the district court gave significant weight to Goodwill's possession of the kitchen knife, as opposed to Goodwill's repeated violation of the internet monitoring conditions and chronic noncompliance with Probation.

Accordingly, Goodwill has failed to show that his revocation sentence is plainly unreasonable.

AFFIRMED.